**UNITED STATES of America**

v.

**Eugene THURMAN, Appellant.**

**No. 22363.**

United States Court of Appeals District of Columbia Circuit.

Argued May 8, 1969.

Decided July 7, 1969.

Mr. Joseph Paull, Washington, D. C. (appointed by this court) for appellant.

Mr. D. William Subin, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for second degree murder. Sev-

eral issues are now raised for the first time, only two of which warrant comment.

Appellant contends that the jury instruction with regard to self-defense constitutes reversible error. In evaluating an asserted error in a portion of a jury instruction we must, of course, examine the charge as a whole to determine whether there was a likelihood of misleading the jury to the extent that it is more probable than not that an improper verdict was rendered. *See, e. g.,* Suggs v. United States, 132 U.S.App.D.C. 337, 341, 342, 407 F.2d 1272, 1276–1277 (1969); Howard v. United States, 128 U.S.App.D.C. 336, 340, 389 F.2d 287, 291 (1967). After instructing the jury as to the element of malice which would be a prerequisite to a finding of first or second degree murder, the court then explained the offense of manslaughter, clearly distinguishing the former offenses from the latter. The court went on to state to the jury that to acquit on a theory of self-defense they must find that Appellant used no greater force than he reasonably and actually believed to be necessary under the circumstances to save his life or avert serious bodily injury. *See* Inge v. United States, 123 U.S.App.D.C. 6, 356 F.2d 345 (1966). The import of this instruction was that self-defense is not available to an accused if the jury found that he used excessive force to repel the believed danger; and in such a case he would be guilty of manslaughter only. *See, e. g.,* DeVaughn v. State, 232 Md. 447, 194 A.2d 109, 100 A.L.R.2d 761 (1963), cert. denied, 376 U.S. 927, 84 S.Ct. 693, 11 L.Ed.2d 623 (1964).

Appellant not only failed to raise any objection to the court's charge, but it is clear that his retained trial counsel specifically requested and urged the trial court to give the instruction now object-

ed to. In such circumstances we decline to find error, plain or otherwise.

Appellant also argues for the first time on appeal that the failure to serve him personally with a copy of the indictment prior to entering a plea contravenes Fed.R.Crim.P. 10 and requires reversal. Appellant conceded in oral argument, however, that he suffered neither harm nor prejudice; indeed, at the time of the entry of the plea in the presence of Appellant's retained counsel, who also served as trial counsel, the substance of the charge was stated to him in open court before the District Judge.[1] We are satisfied that this procedure substantially and effectively complied with the mandate of Rule 10. See United States v. Shepherd, 108 F.Supp. 721, 723 (D.N.H.1952).[2]

We have reviewed Appellant's other contentions and, finding that none of them warrant extended consideration, the judgment of the District Court is

Affirmed.

Circuit Judge BURGER did not participate in this opinion.

---

1. Furthermore, by certification filed by the Deputy Clerk of the District Court, it appears that a copy of the indictment was mailed to appellant.

2. Any procedural defect was cured by the fact that appellant was fully aware of the

charges against him and had the assistance of counsel. *See* Silva v. Cox, 351 F.2d 61, 64 (10th Cir. 1965), cert. denied, 383 U.S. 919, 86 S.Ct. 915, 15 L.Ed.2d 673 (1966).