62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene VOSS, Petitioner-Appellant,
v.
Christine BRADLEY, Respondent-Appellee.
 No. 94-6636.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Gene Voss, a Tennessee state prisoner, moves for the appointment of counsel and appeals a district court judgment dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. Sec. 2254, for failure to exhaust state court remedies. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Voss was convicted in 1983, following a jury trial, of first degree felony murder and was sentenced to life imprisonment. His direct appeal was rejected by the Tennessee Court of Appeals and Supreme Court in 1985. The time for filing a post-conviction action has expired. Tenn.Code Ann. Sec. 40-30-102. In 1992, Voss filed a petition for federal habeas relief, raising the numerous grounds he had presented in his direct appeal. The petition was denied by the district court, and a motion for a certificate of probable cause was denied by this court. In 1994, Voss filed the instant petition, arguing that the jury instructions on reasonable doubt, which referred to "moral certainty," were unconstitutional, relying on Cage v. Louisiana, 498 U.S. 39 (1990) (per curiam). Additionally, he argued that his counsel had been ineffective in failing to raise this claim on appeal. He also filed, based on the same issue, both a state habeas action, which was dismissed by the trial court as an improper method for raising this claim, and a state post-conviction action, which was dismissed by the trial court as time-barred.
 
 
 3
 The respondent urged that the petition be dismissed for failure to exhaust state remedies, or alternatively, as an abuse of the writ. The magistrate judge recommended dismissal without prejudice for failure to exhaust state remedies, concluding that, because Cage had not been decided at the time that the statute of limitations expired, the Tennessee courts might entertain a post-conviction action raising this claim, citing Burford v. State, 845 S.W.2d 204 (Tenn.1992). The district court adopted this recommendation. On appeal, Voss argues that the district court erred because no remedy is available in the state courts. The respondent also argues that the district court erred, but urges this court to affirm the dismissal on the ground that this petition is an abuse of the writ.
 
 
 4
 Upon review, we conclude that this petition was properly dismissed for failure to exhaust state remedies. In order to properly exhaust his state court remedies, Voss must present all his claims to the highest court in the state. See Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). He has not done so. While the trial court found his post-conviction action time-barred, the Tennessee Supreme Court might not agree, as noted by the magistrate judge. Where a state's remedial process is open to interpretation and a remedy may be available, this court has held that complete exhaustion should be required. See Brewer v. Dahlberg, 942 F.2d 328, 340 (6th Cir.1991). The Supreme Court has also held that where a case presents an issue of unresolved state law, comity and judicial efficiency require complete exhaustion. Granberry v. Greer, 481 U.S. 129, 134-35 (1987).
 
 
 5
 We decline respondent's invitation to affirm on alternate grounds, particularly where the ground relied on by the district court was one urged by the respondent below, see United States v. Sharpe, 996 F.2d 125, 129 (6th Cir.), cert. denied, 114 S.Ct. 400 (1993), and where the respondent has offered no explication of its abandonment of that ground.
 
 
 6
 Accordingly, the dismissal of this petition is affirmed for the reason stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for counsel is denied.