In re Gerald M. SHEEHAN and
Shari Dee Sheehan, Debtors.

UNITED STATES TRUSTEE, Plaintiff,

v.

Rhonda REPP, Defendant.

Bankruptcy No. B–91–12218–BHC–RGM.
Adv. No. 95–61.

United States Bankruptcy Court,
D. Arizona.

Sept. 15, 1995.

Michael P. Lane, Branes, Lane & Joffe, Phoenix, AZ, for Rhonda Repp.

Adrianne Kalyna, United States Trustee, Phoenix, AZ.

## ORDER DENYING U.S. TRUSTEE'S MOTION TO ALTER OR AMEND ORDER OF AUGUST 21, 1995

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the U.S. Trustee's Motion to Alter or Amend the Opinion and Order Denying Motion to Remove Rhonda Repp as Chapter 7 Trustee and Rhonda Repp's response thereto. After due consideration of the pleadings, the joint pre-trial statement and the record herein, and under the present posture of the case, the Court finds and concludes that no hearing is necessary to dispose of the pending motion.

This Court entered its Opinion and Order Denying the U.S. Trustee's Motion to Remove Chapter 7 Trustee on August 21, 1995. The U.S. Trustee timely filed the pending motion to alter or amend on August 30, 1995, under Bankruptcy Rule 9023. The motion speaks more to reconsideration but the Court will answer the arguments in detail because of the U.S. Trustee's deep concern about the overall effect of this Court's ruling.

As an initial matter, the Court will first deal with the U.S. Trustee's request that the Order be amended to recognize that the embezzlement of bankruptcy estate funds by Laura Carey is a bankruptcy crime. This Court did not hold that Ms. Carey's embezzlement of the funds was not a bankruptcy crime. The Court held that Ms. Carey's actions did not constitute a bankruptcy crime under the applicable version of 18 U.S.C. 153. See Opinion and Order dated August 18, 1995, page 7. That section was amended in 1994 and the Court noted that under the section, as amended, Ms. Carey's actions appeared to constitute a bankruptcy crime. However, in light of its holding, the Court did not need to determine whether Ms. Carey's embezzlement was actually a bankruptcy crime pursuant to the amended 18 U.S.C. 153 which did not apply.

The U.S. Trustee argues that the Court used the wrong standard in judging Repp's nondisclosure of Ms. Carey's embezzlement to the U.S. Trustee or the U.S. Attorney. While it is true that trustees have a fiduciary duty to an estate and its creditors, administrative decisions by a Trustee, including how to operate his or her office, are judged under the "reasonable trustee" test. *In re Haugen Construction Service, Inc.,* 104 B.R. 233, 240 (Bankr.D.N.D.1989), citing, *Ford Motor Credit Company v. Weaver,* 680 F.2d 451, 461 (6th Cir.1982). The acts complained of by the U.S. Trustee are administrative decisions. Repp's actions regarding administration of the bankruptcy estates under her supervision were found to be reasonable under the evidence presented to this Court at trial.

The U.S. Trustee also complains that the Trustee's Final Reports which Repp signed contained false statements and that

she therefore breached a fiduciary duty she had to fill out the reports honestly. Trustees are only personally liable for willful and deliberate breaches of his or her fiduciary duty. *Id.* The Trustee's Final Reports signed by Repp and presented as evidence at trial were not patently false and this Court found that Repp did not willfully or deliberately breach any fiduciary duty she had in regard to preparing and signing the reports. See Opinion and Order dated August 18, 1995, page 9; Trial Exhibit "1." There was no evidence before the Court which established that Repp breached any fiduciary duty.

In the pending motion, the U.S. Trustee concedes that this Court's conclusion that under 18 U.S.C. 153, prior to the 1994 amendment, Ms. Carey's actions were not specifically denominated as bankruptcy crimes and therefore Repp had no duty to report the embezzlement under 18 U.S.C. 3057. However the U.S. Trustee then proceeds to argue that Ms. Carey's embezzlement of the funds is a bankruptcy crime under both 18 U.S.C. 152 and 18 U.S.C. 645 and therefore should have been reported by Repp under 18 U.S.C. 3057. The Court notes of record that neither section 152 nor section 645 were cited at the trial nor do these statutes appear in any pleading filed in this action by the U.S. Trustee. In fact, when questioned by the Court at trial regarding under which statute a bankruptcy crime had been committed, the U.S. Trustee only mentioned 18 U.S.C. 153. And, it is the Court's opinion that neither 18 U.S.C. 152 nor 18 U.S.C. 645 are applicable to this case.

█ The U.S. Trustee argues that Ms. Carey committed a bankruptcy crime pursuant to 18 U.S.C. 152(1) and (7). This particular statute is entitled "Concealment of assets; false oaths and claims; bribery." The specific sections cited by the U.S. Trustee read as follows:

A person who—

(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any

property belonging to the estate of a debtor;

. . . .

(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

. . . .

█ The U.S. Trustee appears to have misread this statute and case law makes it clear that these sections are intended to cover the actions of a person, usually a debtor, who transfers or conceals assets in contemplation of filing bankruptcy or after filing. See *U.S. v. Cherek,* 734 F.2d 1248, cert. denied 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (7th Cir.1984) (This section requires the bankrupt to disclose the existence of assets whose immediate status in bankruptcy is uncertain). Although 18 U.S.C. 152 may be violated by persons other than the bankrupt, the principal objective of sections 152(1) and (7) is to allow identification of all of a debtor's assets and affairs to prevent the debtor from hiding or fraudulently transferring any assets. See 1, *Colliers on Bankruptcy,* 7A.02[1][i] and [7] (15th Ed.1987). The Court concludes that the proper reading of the cited subsections of 18 U.S.C. 152 shows that the statute is intended to cover actions relating to disclosure of assets and affairs of debtors, as opposed to outright theft or embezzlement, which are the crimes covered by 18 U.S.C. 153.

In this case, Ms. Carey embezzled funds, an act which is entirely different from the concealment or fraudulent transfer of a debtor's assets, and which is specifically covered by 18 U.S.C. 153. The Court therefore concludes that neither 18 U.S.C. 152(1) or (7) are applicable under the facts of this case.

█ The U.S. Trustee also alleges that 18 U.S.C. 645, which is part of Chapter 31—Embezzlement and Theft, applies to this case to make Ms. Carey's actions a bankruptcy crime which Repp had to report under 18

U.S.C. 3057. Section 3057 requires a trustee to report "... any violation under Chapter 9 of this title or other laws of the United States relating to insolvent debtors ..." Chapter 9 of Title 18 deals specifically with bankruptcy crimes. Included in Chapter 9 is section 153, which makes embezzlement a bankruptcy crime. However, 18 U.S.C. 645 is part of Chapter 31 of Title 18 and does not specifically relate to insolvent debtors as specified by 18 U.S.C. 3057. Section 645 deals with embezzlement by an officer of the court or by an officer's employee, but the statute itself does not deal with insolvent debtors. The Court finds and concludes that no duty exists under 18 U.S.C. 3057 requiring a trustee to report an embezzlement which is possibly a crime under 18 U.S.C. 645.

 With no analysis, the U.S. Trustee also argues that under *U.S. v. Sharpe*, 996 F.2d 125 (6th Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 400, 126 L.Ed.2d 347 (1993), 18 U.S.C. 645 applies to bankruptcy trustees and their employees even where 18 U.S.C. 153 does not. It is true that where two criminal statutes may apply to the same conduct, the government may choose which statute it will proceed under unless Congress has clearly intended that one statute supplant the other. *Id.* at 129, citing, *United States v. Oldfield*, 859 F.2d 392, 398 (6th Cir.1988). However, the fact that 18 U.S.C. 645 may apply to a case does not in and of itself create a requirement that the alleged crime be reported by a trustee under 18 U.S.C. 3057.

At trial, the U.S. Trustee argued that a bankruptcy crime had been committed pursuant to 18 U.S.C. 153, and as stated here Section 645 was never mentioned until the pending motion was filed. There is no valid reason for 18 U.S.C. 645 to be cited for an act of embezzlement covered by 18 U.S.C. 153. 18 U.S.C. 3057 does not apply to 18 U.S.C. 645 and since the U.S. Trustee chose to proceed pursuant to 18 U.S.C. 153 it cannot now move under 18 U.S.C. 645 after the issues were framed and determined at trial. This is not a criminal proceeding, but the Court finds it disingenuous that the U.S. Trustee now seeks to pursue this action under 18 U.S.C. 152 and 18 U.S.C. 645 at this late date. The Court concludes on this record and the facts of this case that 18 U.S.C. 3057 does not impose a duty on a trustee to report a suspected crime under 18 U.S.C. 645. The Court further concludes that Ms. Lacey's embezzlement does not constitute a bankruptcy crime under 18 U.S.C. 153, 18 U.S.C. 152 or 18 U.S.C. 645 on this record and therefore Repp was under no duty under the law to report the embezzlement to the U.S. Trustee or the U.S. Attorney pursuant to 18 U.S.C. 3057. The Court concluded that Rhonda Repp took appropriate action by reporting the embezzlement to the local police and of course the U.S. Trustee was well aware of the case in State Court.

 The U.S. Trustee states that this Court's *Opinion and Order* condones the withholding of information by trustees from the federal authorities and sends a message that candor on the part of a trustee is not required. This bold assertion is an inaccurate statement at best. The Court in no way condones withholding of information from federal authorities by trustees nor does it condone a lack of candor by a trustee. As stated in the opinion it is a good policy matter to notify the U.S. Trustee of a potential loss of assets in due course. Under the circumstance presented there is no applicable law which required Rhonda Repp to give any information to any federal authorities. There is also nothing on this record which proved to the Court that any material representations lacked candor or were patently false. An accusation against a trustee for a lack of candor must be examined on an analysis of the facts. The Court made its prior ruling in light of the specific facts of this case and to hold otherwise on this record would be an injustice.

Accordingly,

IT IS ORDERED denying the U.S. Trustee's Motion to Alter or Amend this Court's prior ruling or for reconsideration if so urged by the motion.