STUCKY, Judge
(concurring in part and dissenting in part):
At the invitation of Appellant’s counsel, the military judge considered Appellant’s providence inquiry and stipulation of fact relating to unauthorized absence in deciding whether to convict him of the greater offense of desertion. In reaching a decision to convict him of desertion, the military judge also considered certain exhibits, the admissibility of which Appellant had stipulated. The majori *239 ty concludes the military judge committed prejudicial error by considering these matters. I dissent.
The majority bases its finding of error as to the stipulation on allegedly inconsistent language within that document itself, together with the lack of any indication on the record that the military judge explained the inconsistency to Appellant. In fact, there was no inconsistency and, therefore, no possibility of confusion on Appellant’s part. In Paragraph I of the “Stipulation of Fact & Admissibility of Evidence,” Appellant agreed that the facts therein
may be considered by the Military Judge in determining the providence of the accused’s plea of guilty, and they may be considered by the sentencing authority and on appeal in determining an appropriate sentence, even if the evidence of such facts is deemed otherwise inadmissible. The accused expressly waives any objection he may have to the admission of the facts into evidence at trial under the Military Rules of Evidence, the United States Constitution, or applicable case law.
(Emphasis added). Paragraph IV of the document, tracks the language and intention of the last sentence of Paragraph I, stating as follows:
Trial Counsel and Defense Counsel, with the express consent of the accused, stipulate that the following evidence is admissible at trial, may be considered by the military judge in determining the providence of the accused’s plea of guilty, and may be considered by the sentencing authority and on appeal in determining an appropriate sentence.
(Emphasis added). The document then lists several prosecution exhibits, including the stipulation. Both parts of the document signed by Appellant and his counsel envisioned the admissibility of facts contained in the stipulation, not just during the providence inquiry but generally at trial. As such, I would find no error with the military judge’s decision to use the stipulation when he considered the desertion charge.
The military judge’s consideration of the providence inquiry is another matter. After the military judge accepted Appellant’s pleas, the trial counsel called one witness to assist in establishing the greater offense of desertion, and then rested. The defense counsel then rested without calling any witnesses. The defense’s action apparently led the trial counsel to believe that the defense would argue that Appellant was not guilty based on matters presented during the providence inquiry. The trial counsel raised the issue to the military judge: “Your Honor, the government just wanted to clarify that the providence inquiry will not be considered by the court as a defense to the greater offenses?” The defense counsel responded: ‘Your Hon- or, we believe that it can be. We believe the contents of the providence inquiry can be used for proving the elements of the greater offense. Therefore, we believe the defense can also use anything exculpatory elicited in the providence inquiry as well.”
The trial counsel then argued that the matters raised in the providence inquiry were to be used solely for determining Appellant’s guilt of the offenses to which he was pleading guilty, and were not a permissible means by which Appellant could present a defense without subjecting himself to cross-examination. Defense counsel persisted: “The defense does intend and believes it can use the contents of the providence inquiry, sir.” After some further discussion, the military judge determined he could use the stipulation of fact and “everything [he had] heard up to now in determining the guilt or innocence of Private Resch on the greater offense [of desertion].”
The principle that a party may not invite or provoke error at trial and then complain of it on appeal is long established in both civilian and military jurisprudence. Johnson v. United States, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704 (1943); United States v. Maxwell, 7 C.M.R. 632, 659, 1952 WL 2583 (A.F.B.R.1952). “‘[A] party may not complain on appeal of errors that he himself invited or provoked the [lower] court ... to commit.’ ” United States v. Wells, 519 U.S. 482, 488, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997) (quoting United States v. Sharpe, 996 F.2d 125, 129 (6th Cir.1993)). We have em *240 ployed the doctrine of invited error on numerous occasions to deny relief. See, e.g., United States v. Dinges, 55 M.J. 308, 311 (C.A.A.F.2001) (holding any error in the admission of victim testimony was invited because the victim was called as a defense witness during sentencing); United States v. Eggen, 51 M.J. 159, 161-62 (C.A.A.F.1999) (finding any error in admitting an expert’s testimony as to whether the victim faked his emotions was invited by defense counsel’s suggestion to that effect); United States v. Anderson, 51 M.J. 145, 153 (C.A.A.F.1999) (where defense attempt to impeach child witnesses highlighted adverse testimony, defense cannot on appeal retreat from unsuccessful trial strategy); United States v. Raya, 45 M.J. 251, 253-54 (C.A.A.F.1996) (finding social worker’s improper comment on the victim’s credibility was invited because the comment was elicited on cross-examination by the appellant’s counsel). Any error by the military judge in using the providence inquiry in this ease was invited in the most categorical terms by Appellant’s trial defense counsel. No further analysis is necessary.
The lack of error in the military judge’s consideration of the stipulation, together with the invited error as to the providence inquiry, disposes of Appellant’s complaint with regard to the finding of guilty of desertion. I therefore dissent from the majority’s decision to reverse the lower court as to the desertion offense. As to the remaining findings and the sentence, I concur.