NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0843n.06

No. 12-6483

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Sep 20, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ARCH TURNER, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: COLE, KETHLEDGE, and STRANCH, Circuit Judges.

**JANE B. STRANCH**, Circuit Judge. Arch Turner appeals a $250,000 fine imposed by the district court as part of his sentence for conspiring to buy votes. He argues that the fine is procedurally unreasonable because the court did not provide specific reasons for the variance from the Guidelines range of $4,000 to $40,000, and that it is substantively unreasonable because the court impermissibly considered Turner's socio-economic status. We conclude that the court adequately explained its reasoning in open court, that any deficiencies in duplicative explanations did not rise to the level of plain error, and that the court did not impermissibly rely on Turner's socio-economic status. Accordingly, we **AFFIRM** Turner's sentence.

# I. FACTS AND PROCEDURAL BACKGROUND

Arch Turner, a superintendent of the Breathitt County, Kentucky schools, led and assisted a group of people to buy votes for a candidate in a May 2010 primary election. He coordinated meetings in which he distributed funds he had received from third parties for the purpose of buying votes, and he withdrew cash from his own bank account for the same purpose. During the government investigation, Turner lied to an FBI agent, convinced a co-conspirator to lie to a grand jury, and attempted to convince another co-conspirator to lie to FBI agents. During one such attempt, he told a co-conspirator that the FBI had no evidence against them and that they would not get in trouble if neither of them told on the other. During another, Turner contacted his co-defendant, which was a violation of his bond release, told his co-defendant that he could not tell on anyone because he had not seen cash change hands, and instructed his co-defendant to purchase a phone that could not be traced. Eventually, Turner decided the jig was up and pleaded guilty to conspiracy to defraud the United States through buying votes, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1973i(c).

The presentence investigation report (PSR), which the district court adopted with no objection, assigned Turner a criminal history category of I and an offense level of 15. The offense level calculation included a four-level enhancement for Turner's role as an organizer or leader of the conspiracy, a two-level enhancement for his attempts to obstruct justice, and a three-level reduction for acceptance of responsibility. This resulted in an advisory Guidelines range of 18 to 24 months imprisonment plus 1 to 3 years of supervised release and a $4,000 to $40,000 fine. USSG Ch.5, Pt. A, Table; USSG §§ 5D1.2(a)(2), 5E1.2(c)(3). The statutory maximum sentence for Turner's offense

is 5 years of imprisonment plus 3 years of supervised release and a $250,000 fine. 18 U.S.C. §§ 371, 3571(b)(3), 3583(b)(2).

In October 2012, the district court issued a notice advising the parties that the court intended to consider an upward variance from the Guidelines range "because of the nature and scope of defendant's crime, the public harm caused by the crime, the defendant's calculated conduct and culpability in committing his crime and the need for a sentence that takes into account the factors articulated in 18 U.S.C. § 3553." The impending upward variance is the subject of this appeal.

At Turner's sentencing hearing, the court requested to hear arguments concerning an upward variance of "not only time but money." Defense counsel argued that the recommended Guidelines sentence already took into account all relevant factors such as Turner's leadership role and attempts to obstruct justice and that nothing in the PSR warranted a sentence above the Guidelines range. The prosecutor responded that while the offense was serious, the Government would stand by the plea agreement and recommend a sentence at the upper end of the Guidelines range.

The court then began a lengthy discussion, which is quoted in more detail below, of Turner, the nature of his offense, and the need for a punitive sentence. According to the court, Turner had "abuse[d his] position, power, and advantages" and had committed a crime of the "most cynical and egregious nature." Of the § 3553(a) factors, the court said that the need for punishment and deterrence, as well as the need to promote respect for the law and to reflect the seriousness of the offense, warranted a punitive and above-Guidelines sentence. While additional prison time was not warranted because Turner had lost the tools of his trade, the court said it could impose an appropriately punitive sentence by varying upward on the fine. Turner had ample ability to pay, and the amount of a fine should always be "sufficient to ensure that the fine, taken together with the other

-3-

sanctions imposed, is punitive." Accordingly, the court sentenced Turner to 24 months imprisonment, 1 year of supervised release, and the statutory maximum fine of $250,000.

Turner did not object at the sentencing hearing but now challenges the fine on appeal.

## II. ANALYSIS

### A. Standard of Review

This court reviews criminal sentences for both substantive and procedural reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Generally, "[r]easonableness is determined under the deferential abuse-of-discretion standard." *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). However, when a defendant did not object to a sentencing decision before or after the district court asked the *Bostic* question "whether there are any objections not previously raised" a procedural reasonableness challenge has not been properly preserved and we review it under the plain error standard of review. *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

Turner did not object to the amount of the fine at any point during his sentencing hearing and accordingly asks that we use plain error review. The Government would have us take it one step further to bar review entirely under the invited error doctrine. We decline the Government's request.

The invited error doctrine prevents a party who induces or "affirmatively seeks" a particular ruling from later challenging that ruling unless manifest injustice would result. *United States v. Demmler*, 655 F.3d 451, 458 (6th Cir. 2011); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (internal quotation marks omitted); *see also United States v. Sharpe*, 996 F.2d 125, 129-30 (6th Cir. 1993) (barring defendant from arguing that a second statute did not apply because the first statute did after defendant successfully argued that he was not guilty under the first statute); *Harvis v.*

*Roadway Express, Inc.*, 923 F.2d 59, 60 (6th Cir. 1991) (barring plaintiff from challenging a decision to send a claim to the jury where the plaintiff had requested that it be sent to the jury).

Turner did not invite the error he now claims. Defense counsel's only specific reference to the fine at sentencing was in response to the court's request for arguments concerning an upward variance. Counsel said, "He does have an income and does have some ability to pay a fine, if the Court chooses to impose that. And we'll deal with whatever that fine is." And he then argued that the court should impose a sentence within the ranges set by the Guidelines. Even if we were to accept the Government's claim that counsel's arguments were limited to the range for imprisonment, nothing in the record even suggests an invitation for the court to impose a statutory maximum fine of $250,000.

Accordingly, we review Turner's procedural reasonableness challenge for plain error. To establish plain error, Turner must show that

> (1) there is error; (2) the error was clear or obvious, rather than subject to reasonable dispute; (3) it affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) it seriously affected the fairness, integrity or public reputation of judicial proceedings.

*United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011) (internal quotation marks omitted). Substantive reasonableness claims do not need to be preserved in the district court, so we review this question for abuse-of-discretion. *Freeman*, 640 F.3d at 185. Under this standard, "[t]he district court's legal interpretation of the Guidelines are reviewed de novo, but its factual findings will not be set aside unless they are clearly erroneous." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011).

**B. Procedural Reasonableness**

To determine whether a sentence is procedurally reasonable, we look to see "whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on a reasonable determination of the facts, and adequately explained the sentence, including an explanation for any variance from the Guidelines range." *Battaglia*, 624 F.3d at 350-51. Turner argues that the court plainly erred in imposing the $250,000 fine because it did not adequately explain its justifications for the amount and variance from the Guidelines. More specifically, Turner points to three alleged errors in the court's explanation: (1) the court did not provide adequate, specific reasons for the upward variance during the sentencing hearing; (2) the court did not expressly reference the $4,000 to $40,000 Guidelines range; and (3) the court did not identify with specificity its reasons for the departure on the written judgment.

As Turner correctly points out, a sentencing court must state in open court the reasons for imposing the particular sentence, including its specific reasons for imposing a sentence outside the Guidelines range. 18 U.S.C. § 3553(c)(2). Failure to comply with § 3553(c) can constitute error. *United States v. Blackie*, 548 F.3d 395, 400-01 (6th Cir. 2008). In considering how to sentence a particular defendant, a court must consider the 18 U.S.C. § 3553(a) factors. *Id.* at 399. In considering whether to impose a fine, the court must also consider the fine-specific factors set forth in 18 U.S.C. §§ 3571 and 3572. *United States v. Lumbard*, 706 F.3d 716, 726 (6th Cir. 2013). The fine-specific factors include:

> defendant's income; earning capacity; financial resources; the burden on the defendant and his [or her] dependents; pecuniary loss inflicted on others as a result of the offense; whether restitution is ordered; the need to deprive the defendant of

illegal gains; and the need to promote respect for the law, provide just punishment, and adequate deterrence.

*Id*. (internal quotation marks omitted).  In the Sixth Circuit, we do not require detailed findings as long as we can infer that the court considered the defendant's ability to pay and other factors required by law.  *Id*.  We find no error in the court's explanation during the sentencing hearing.

At sentencing, the district court properly considered the relevant § 3553(a) factors and gave a lengthy explanation of the basis for departing from the Guidelines.  Much of the discussion was dedicated to the court's explanation of the especially strong need for punishment and deterrence in this case.  The court described Turner as an elected official and a community leader in a position of power who "held a lot of other good jobs in the palm of his hand."  He "fearlessly and cynically abuse[d his] position, power, and advantages" to buy votes not for himself, but for the office of sheriff.  The court said that Turner himself had nothing to gain from the crime; he did it just because he could.  Noting the "planned recruitment," "planned funding," and "planned implementation," the court described the crime as being of the "most cynical and egregious nature."  It noted that working people in the community participated in the vote-buying scheme under Turner's direction, one of whom had tearfully told the court that he went along with it to secure his daughter-in-law's job in the school system.  Participants in the scheme "believed in Arch Turner" and "believed he was capable of retribution."  The court repeatedly mentioned Turner's failed attempts at covering up the crime, in which he threatened others, used his power and influence to suborn perjury, and told people they had no evidence and would not be believed.  It concluded that the factors under § 3553(a)(2)(A)   to reflect the seriousness of the crime, promote respect for the law, and provide just punishment   and (B)   to afford adequate deterrence   "combine together to drive this Court's

-7-

sentence," which should be "punitive . . . to deter this defendant and others like him, to punish this defendant and others like him."

The district court then explained its reasons for varying upward on the fine and considered the fine-specific factors. It said that because Turner had been deprived of the tools of his trade, apparently his power and influence, the public should not be burdened beyond 24 months of imprisonment, the high end of the Guidelines imprisonment range. However, the court said that it could impose an appropriately punitive sentence by varying upward on the fine. In justifying the $250,000 fine, the court mentioned the fine-specific factors of §§ 3571 and 3572 that it had not already discussed. It had already noted Turner's income and earning capacity as well as respect for the law and deterrence. It explained that Turner had "ample ability to pay;" that "[h]is net worth is significant;" that he "expects a stream of income," "has no dependants," and "no other obligation of restitution." Finally, the court said that there was a need for an especially punitive fine, "for the reasons that the Court has already stated."

Turner points to this last phrase, arguing that "for the reasons that the Court already stated" does not meet the requirements of § 3553(c) because the court did not say which of the previously stated reasons directly justified the amount of $250,000. We do not agree with Turner's reading of the record. As noted above, the six pages of the transcript immediately preceding this statement are dedicated to explaining the need for an especially punitive sentence and to explaining why a high fine was more appropriate than a lengthy prison sentence. The court is not required to repeat duplicative information. We conclude that the court adequately explained the sentence at the sentencing hearing such that there has been no clear or obvious error.

We now turn to the other alleged errors. Pointing to *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005), Turner correctly notes that a district court must consider and acknowledge the applicable Guidelines range as one of several sentencing factors laid out in § 3553(a). Under 18 U.S.C. § 3553(c)(2), a sentencing judge must also restate with specificity its reasons for departing from the Guidelines in the written judgment.

Although the district court "accept[ed] and adopt[ed] the factual findings and the advisory guideline applications that are set forth in the presentence report" and expressly restated the 18-to 24-month Guidelines range for imprisonment, the court did not expressly mention the $4,000 to $40,000 Guidelines range for a fine. Nor did the court adequately explain its reasoning with specificity on the written judgment form. Rather, it checked off two boxes indicating that the above-Guidelines sentence was intended to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment" and to "afford adequate deterrence." The only other reasoning provided on the written judgment form was a generic statement that the sentence takes into account the § 3553(a) factors. Turner is correct that the court committed error under § 3553(c) and *Jackson* and that the error was clear and obvious.

Nevertheless, the error did not affect Turner's substantial rights or seriously affect the fairness or integrity of the judicial proceedings, which would be required for reversal on plain error review. *See Massey*, 663 F.3d at 856. The PSR referenced the Guidelines range for the fine, and Turner's counsel had adequate time to respond after the court indicated that it was considering varying upward on both the period of imprisonment as well as the fine. The court gave a detailed explanation of the reasons for imposing an above-Guidelines fine, and Turner had an opportunity

to object. Any failure in duplicating information did not affect the outcome or the fairness of the proceedings.

Turner cites several cases where we reversed a sentence based, in part, on the sentencing court's failure to acknowledge the Guidelines range, and argues that this failure is thus reversible error. Two of these cases provide little guidance because the questions were before the court on abuse-of-discretion review rather than plain error review as here. *See United States v. Cousins*, 469 F.3d 572, 575-76 (6th Cir. 2006) *abrogated on other grounds in Irizarry v. United States*, 553 U.S. 708, 713 n.1 (2008); *Jackson*, 408 F.3d at 304-05. However, in both cases it was the failure to acknowledge the Guidelines range *in combination* with a failure to articulate reasons for imposing the sentence that made the sentences procedurally unreasonable and prevented meaningful appellate review. *Cousins*, 469 F.3d at 578; *Jackson*, 408 F.3d at 305.

In *Blackie*, we reversed on plain error review where the lower court had not acknowledged the Guidelines range, had failed to give specific reasons for a variance, and failed to clarify whether it had rejected various Guidelines enhancements    the combination warranting reversal. 548 F.3d at 398-99, 401-03. These errors in combination affected the defendant's substantial rights and undermined the fairness of the proceedings because they undermined the defendant's right to meaningful appellate review. *Id*. at 401-03. The same cannot be said here because the court provided a sufficient explanation of its reasoning. We conclude that any procedural sentencing error here does not rise to the level of plain error.

## C. Substantive Reasonableness

Next, we determine whether the sentence was substantively reasonable. A sentence is substantively unreasonable "if the district court chooses the sentence arbitrarily, grounds the sentence

on impermissible factors, or unreasonably weighs a pertinent factor." *Brooks*, 628 F.3d at 796. Turner argues only that the court based the fine on impermissible factors. If a court relies on factors it may not properly consider, we must remand even if the court also relied on relevant sentencing factors. *United States v. Hunt*, 521 F.3d 636, 649 (6th Cir. 2008).

Turner points to the district court's numerous references to his salary, status, and assets and argues that the court impermissibly based his sentence on his socio-economic status. For example, the court noted that Turner had "every single advantage at life" and that his salary of $150,000 a year as the elected superintendent was "an outstanding living in Breathitt." The court also noted said that "[a]s a result of the public's trust in him, he amassed a healthy financial portfolio" and that he had earned "a comfortable and healthy retirement, once again at the public's expense."

Socio-economic status may never form the basis for a departure from the Guidelines. USSG § 5H1.10; *United States v. Crouse*, 145 F.3d 786, 789 (6th Cir. 1998). But this means only that the court may not determine that "a defendant's prominence, or lack thereof, weighs in favor of, or against, a departure." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006) (internal quotation marks omitted) *abrogation on other grounds recognized in United States v. Romanini*, 502 F. App'x 503, 507 (6th Cir. 2012). "[T]he prohibition on consideration of socio-economic status does not extend to prohibit all considerations that are correlated with socio-economic status." *United States v. Holz*, 118 F. App'x 928, 935 (6th Cir. 2004).

The socio-economic references played two roles in the district court's reasoning. First, they were part of the required consideration of the § 3553(a) factors, most particularly the need for just punishment and deterrence. The court painted a picture of how Turner's crime was especially egregious because he took money and advantages from the public and then used both to abuse the

public's trust. Immediately after the statements Turner cites, the court said that Turner, who "held a lot of other good jobs in the palm of his hand" had recruited co-conspirators who sought jobs for family-members and had used his power and influence to suborn perjury. These statements were also part of the court's reasoning that Turner had committed the crime "just because he could."

Second, the statements were part of the court's explanation for varying upward on the fine rather than the sentence. The court explained that the public should not be burdened with a higher prison sentence because Turner had been denied the tools of his trade, apparently his power and influence. To justify the fine itself and the variance, the court properly considered the fine-specific factors, which it is bound to do. *See Lumbard*, 706 F.3d at 726. The factors were addressed in the references to Turner's income and earning capacity, his ability to pay, his financial resources, the fact that he has no dependants or obligation of restitution, the need for deterrence and respect for the law, and the need for an especially punitive sentence because of the way Turner abused his power and influence.

We see no evidence suggesting that the district court considered Turner's wealth and status as an independent factor weighing in favor of or against a departure. *See Ferguson*, 456 F.3d at 665. The court merely considered required factors that are correlated with socio-economic status. We need not consider the parties' arguments about whether a court may consider a defendant's wealth when setting the *amount* of the fine because we see no evidence that the court did so here beyond considering Turner's ability to pay.

The abuse-of-discretion standard requires that we give due deference to the district court's determination that the § 3553(a) factors and the fine-specific factors set out in §§ 3571 and 3572

-12-

justify the extent of the variance. *See United States v. Smith*, 516 F.3d 473, 477-78 (6th Cir. 2008). Because we do not find that the court relied on impermissible factors, we accordingly defer.

## III. CONCLUSION

For the reasons explained above, we **AFFIRM** Turner's sentence as imposed by the district court.