15-2716-cr
United States v. Xia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.
> NICHOLAS G. GARAUFIS,
> *District Judge.*\*

_____

**United States of America,**

>                     *Appellee*,

>             v.                                                     No. 15-2716-cr

**Feng Li, AKA Sealed Defendant 3, Shuran Liu, AKA Sealed Defendant 4, AKA Harry, Yuchang Miao, AKA Sealed Defendant 5, Rui Yang, AKA Sealed Defendant 6, AKA Sunny Yang, AKA Yang, Ms., Wen Ting Zheng, AKA Sealed Defendant 7, Guo Qin Miao, AKA Sealed Defendant 8, AKA Lillian, Vanessa Bandrich, AKA Sealed Defendant 2, Feng Ling Liu,**

>                     *Defendants,*

**Shu Feng Xia, AKA Sealed Defendant 9, AKA Kevin LNU,**

>                     *Defendant-Appellant.*

_____

\* Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLEE:** Patrick Egan, Rebecca Mermelstein, and Karl Metzner, Assistant United States Attorneys, of counsel, *for* Preet Bharara, United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** Brendan White, White & White, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Shu Feng Xia appeals the district court's sentence of ten months and two days' imprisonment, which was the time he had served prior to resentencing. He also challenges the district court's imposition of forfeiture liability jointly and severally with his co-defendants in the amount of $965,000. The Defendant challenges the substantive reasonableness of his sentence of imprisonment and challenges the constitutionality of the forfeiture under the Excessive Fines Clause of the Eighth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because the Defendant requested in his sentencing submissions the exact sentence the district court actually imposed, see Appendix at 141, we are convinced that, to the extent that there was any substantive unreasonableness in the district court's sentence, it was invited error. Under the invited error doctrine, "a party may not complain on appeal of errors that he himself invited or provoked the district court to commit." *United States v. Wells*, 519 U.S. 482, 488 (1997) (alterations omitted) (quoting *United States v. Sharpe*, 996 F.2d 125, 129 (6th Cir. 1993).

2

"Denying relief even for plain errors where a defendant deliberately provokes a procedural irregularity, the invited error doctrine seeks to avoid rewarding mistakes stemming from a defendant's own 'intelligent, deliberate course of conduct' in pursuing his defense." *United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014) (quoting *United States v. Ferguson*, 758 F.2d 843, 852 (2d Cir. 1985)).

The primary argument the Defendant advances in support of his contention of substantive unreasonableness is that the sentence creates an unwarranted disparity between his sentence and those of other similarly situated defendants. But the Defendant's resentencing submission specifically concedes that "imposition of the Requested Sentence [of time served] will not result in an unwarranted sentencing disparity between Mr. Xia and similarly-situated co-defendants." Appendix at 143. The doctrine of invited error bars the Defendant's claim.

Nowhere in the record can we find any indication that the Defendant raised before the district court the issue of the constitutionality of the forfeiture under the Excessive Fines Clause. Therefore, we review for plain error. *See, e.g.*, *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015) (objections to a sentence not raised before the sentencing court are reviewed for plain error).

Here, we find no plain error. The district court imposed joint and several forfeiture liability; inherent in the district court's order is the Defendant's right to pursue his jointly and severally liable co-defendants for contribution in proportion to their actual culpability. This is fatal to the Defendant's ability to carry his burden, *see United States v. Castello*, 611 F.3d 116, 120 (2d Cir. 2010), of demonstrating the gross disproportionality of the ordered forfeiture.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3