Ronald A. CHICK, Plaintiff–Appellant,

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 01–3141.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

### ORDER

Ronald A. Chick, a pro se Ohio resident, appeals a district court judgment dismissing his civil action filed pursuant to 18 U.S.C. § 1964; 26 U.S.C. § 7433; and 42 U.S.C. §§ 1983, 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Chick sued the United States and Internal Revenue Service agents alleging that he was wrongfully assessed federal income taxes for 1987, 1988, and 1989. After collecting the delinquent taxes, the IRS reexamined its assessment of Chick's tax deficiency. The IRS determined that Chick had overpaid his income taxes and issued Chick refunds totaling $102,958 .97.

On April 7, 2000, Chick sued the United States for alleged violations of 26 U.S.C. § 7426 which the district court subsequently construed under 26 U.S.C. § 7433. On June 30, 2000, the district court dismissed the case for lack of jurisdiction and for failure to state a claim.

On August 18, 2000, Chick filed his current action again asserting a claim under § 7433 against the United States. Chick later amended his complaint expanding his claims under § 1964, § 1983, and § 1985. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

In his timely appeal, Chick argues that his first case was filed under the wrong statute which should not preclude him

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

from filing a second action. Further, the district court did not have jurisdiction to address the merits of his complaint as he had not exhausted his available administrative remedies.

The district court's judgment is reviewed de novo. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996) (Rule 12(b)(6)); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir. 1991) (Rule 12(b)(1)).

■ Chick's complaint is barred by the doctrine of claim preclusion. Chick contends that in his first complaint, he mistakenly brought an action against the United States under § 7426. He feels that this error should not preclude him from filing a correct action under § 7433. A review of the district court's prior decision shows that Chick filed his first case under § 7426. The district court noted that this was the inappropriate statute and for Chick's benefit construed the complaint under § 7433. After discussing the requirements of this statute, the district court found that Chick's complaint failed to state a claim under § 7433.

■ Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims brought by the parties based on the same cause of action, as to every matter litigated, and as to every ground of recovery that could have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 582 (6th Cir.1994). As the district court construed Chick's first complaint under the correct statute and found it to be without merit, Chick's current complaint is barred by the doctrine of claim preclusion.

■ Chick contends that the district court erred by ruling on the merits of his complaint because he had failed to exhaust his available administrative remedies. Chick states that as he is currently proceeding through the administrative process, the district court should not have issued a decision in his case. The argument is barred by the doctrine of invited error. Under the doctrine of invited error, a party may not complain on appeal of errors that he himself invited or provoked the court to commit. *United States v. Sharpe,* 996 F.2d 125, 129 (6th Cir.1993). Since Chick admittedly filed his complaint without exhausting his administrative remedies, yet totally litigated the merits of his allegations in the district court, he cannot now claim that the district court's decision was erroneous because of his failure to exhaust his available administrative remedies. *Id.*

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.