**Ronald A. CHICK, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 01–3976.**

United States Court of Appeals, Sixth Circuit.

Aug. 14, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

*ORDER*

Ronald A. Chick, a pro se Ohio plaintiff, appeals a district court order and judgment dismissing his complaint filed under 26 U.S.C. § 7433. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chick operates a sole proprietorship, Holiday Travel International, in Youngstown, Ohio. He alleged that, in January 1992, an agent of the Internal Revenue Service (IRS) audited Holiday Travel after

he failed to file tax returns for fiscal years 1987, 1988, and 1989. In June 1992, the agent presented him with a demand for payment of back taxes in excess of $52,000. Chick claimed that this assessment was erroneous and was the result of errors committed by the auditor. His claim is supported by the fact that an internal investigation by the Inspector General resulted in a refund to Chick on July 9, 1999, of $102,958.97. This amount represented the excess taxes that had been levied from his personal and business accounts, plus interest. Chick asserts that the actions of the IRS ruined his health, reputation, and business and sued under § 7433 for wrongful collection with malicious intent. He sought $10 million in compensatory damages.

The district court summarily dismissed Chick's complaint in an opinion and order entered on August 7, 2001. A separate judgment was entered the same day. The district court found that Chick had attempted to bring his § 7433 claim twice before. Both times the complaint was dismissed for failure to state a claim upon which relief may be granted; the second dismissal was based upon the doctrine of *res judicata.* The district court concluded that this third complaint was also barred by *res judicata* and dismissed the action with prejudice.

On appeal, Chick argues that the district court erred in dismissing his complaint without referring to the facts of the case. In addition, he argues that the prior two claims should not be used to bar this claim because he had not then exhausted his administrative remedies.

Upon review, we affirm the district court's judgment for the reason stated therein. This court reviews *de novo* a district court's dismissal of a case on *res*

*judicata* grounds. *Begala v. PNC Bank,* 214 F.3d 776, 779 (6th Cir.2000), *cert. denied,* 531 U.S. 1145, 121 S.Ct. 1082, 148 L.Ed.2d 958 (2001). Pursuant to the doctrine of *res judicata,*

> a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997) (emphasis omitted).

The district court did not err in dismissing Chick's complaint on *res judicata* grounds. Chick brought his cause of action against the United States in two prior suits before courts of competent jurisdiction. The first lawsuit was dismissed on the merits and the second was properly dismissed under the doctrine of *res judicata,* as affirmed by this court in an unpublished order. *See Chick v. United States,* No. 01–3141, 2001 WL 1109748, 19 Fed. Appx. 316 (6th Cir. Sept.14, 2001).

Even if it is assumed that Chick's current lawsuit was filed within the two-year limitations period provided by § 7433, this lawsuit meets all of the requirements necessary for a finding of claim preclusion. Regarding the specific issues raised on appeal, the district court was not required to discuss the facts of this case except insofar as necessary to determine that the case was properly barred by *res judicata.* Chick's argument related to the lack of exhaustion of administrative remedies prior to bringing the earlier actions has already been rejected by this court.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.